UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| TRENT BREWER,<br><br>  Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>  Defendant. | 5:24-CV-05086-RAL<br><br>ORDER DENYING MOTION FOR A CERTIFICATE OF APPEALABILITY |

On September 27, 2025, Plaintiff Trent Brewer moved for a certificate of appealability (COA) for the denial of his motion for recusal. Doc. 35.

Courts of appeal may exercise jurisdiction over final decisions of district courts as well as certain interlocutory and collateral orders. 28 U.S.C. §§ 1291–92. Other courts of appeal have ruled that "the denial of a motion to recuse is not an appealable final order under 28 U.S.C. § 1291," nor is it an appealable interlocutory or collateral order under 28 U.S.C. § 1292. See Hardy v. Fed. Exp. Corp., No. CIV. A. 97-1620, 1998 WL 104686, at *1 (E.D. La. Mar. 6, 1998) (citing In re Corrugated Container Antitrust Litig., 614 F.2d 958, 960–61 (5th Cir. 1980); Nobby Lobby, Inc. v. City of Dallas, 970 F.2d 82, 86 n.3 (5th Cir. 1992)); see also Wyatt By & Through Rawlins v. Rogers, 92 F.3d 1074, 1080 (11th Cir. 1996); United States v. Hinton, 420 F. App'x 270, 270 (4th Cir. 2011); United States v. Phillips, 420 F. App'x 269, 269 (4th Cir. 2011).

Even if the denial of a motion for recusal could be appealed, generally, a prisoner needs a COA to appeal a final order denying a § 2255 petition. 28 U.S.C. § 2253(c). A COA may issue

1

"only if the applicant has made a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). A COA is claim specific, meaning that each claim individually must meet the substantial showing standard. See id. § 2253(c)(3) ("The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2)."). To meet this standard, the petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (cleaned up and citation omitted). Because reasonable jurists would not find this Court's rejection of Brewer's motion wrong or debatable, this Court will not issue a certificate of appealability.

DATED this 10th day of October, 2025.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE